UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RONALD L. DAVIS,

    Petitioner,

v.                                                      No.: 3:12-cv-446
                                                                  *Judge Phillips*

TONY HOWERTON, Warden,

    Respondent.

**MEMORANDUM AND ORDER**

Petitioner has filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the $5.00 filing fee and thus his motion to proceed *in forma pauperis* [Doc. 1] is **DENIED** as **MOOT**. Petitioner's motion to amend the habeas corpus petition [Doc. 5] is **GRANTED**. The Clerk is **DIRECTED** to serve a copy of the petition and this Memorandum and Order on the respondent and the Attorney General of the State of Tennessee. However, for the reasons stated below, the respondent shall not be required to file an answer or other pleading to the petition and this petition is **DISMISSED**. Petitioner's motion for determination of case [Doc. 9] is **DENIED** as **MOOT**.

1

Petitioner is in the custody of the Tennessee Department of Correction and currently confined in the Northwest Correctional Complex. He challenges the fact that he has been denied parole by the Tennessee Board of Probation and Parole. In his original petition, the challenge was based upon equal protection. In the amendment to his habeas petition, petitioner raises a challenge under the ex post facto clause.

A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Prisoners do not have a constitutional right to parole, good-time credit for satisfactory behavior or other forms of early release. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). "It is clear that state prisoners have no federal constitutional right to parole." *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990).

Petitioner is not entitled to relief in this court under 28 U.S.C. § 2254 and there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983). Because it plainly appears from the face of the petition and the annexed exhibits that petitioner is not entitled to any habeas corpus relief in this Court, the petition for the writ of habeas corpus is **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. The Clerk is **DIRECTED** to notify the petitioner of this Memorandum and Order and to close this file. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c). The Court **CERTIFIES** that any appeal from this action would not be taken in

good faith and would be totally frivolous. Therefore, this Court hereby **DENIES** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**E N T E R :**

                                                        s/ Thomas W. Phillips
                                                     United States District Judge